## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger D. Navy, | ) C/A No. 0:10-2795-CMC-PJG |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Willie Eagleton, *Warden of Evans Correctional* | ) **RECOMMENDATION** |
| *Institution*, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, Roger D. Navy ("Petitioner"), proceeding *pro se*, is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. He has submitted his Petition on a federal Section 2241 form to challenge his state court conviction and sentence. In his prayer for relief, the petitioner seeks reversal of the judgment, conviction, and sentence in his state court criminal case.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to 28 U.S.C. § 1915, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) (formerly 28 U.S.C. § 1915(d)), as "frivolous").

or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

With respect to his state conviction, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. <u>See</u> 28 U.S.C. § 2254(b); <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition.

In <u>Navy v.Rushton</u>, Civil Action No. 9:05-2856-CMC-GCK,[2] the petitioner brought a Section 2254 action to challenge his conviction for armed robbery and sentence of twenty-seven years, which were entered in the Court of General Sessions for Greenville County on August 5, 1998. Service was authorized upon the respondents, who filed a return, memorandum, and motion for summary judgment.

The Honorable George C. Kosko, United States Magistrate Judge, issued a <u>Roseboro</u> order on December 13, 2005 to apprise the petitioner of dispositive motion procedure. <u>See Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner

---

[2] This court may take judicial notice of Civil Action No. 9:05-2856-CMC-GCK. <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970); <u>see</u> also <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); <u>Mann v. Peoples First National Bank & Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

PJG

did not respond to the <u>Roseboro</u> order. In a Report and Recommendation filed in Civil Action 9:05-2856-CMC-GCK on January 20, 2006, Judge Kosko recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 9:05-2856-CMC-GCK were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed.

In an Order filed in Civil Action No. 9:05-2856-CMC-GCK on February 17, 2006, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents on the ground that the petition was time barred. No appeal was filed in Civil Action No. 9:05-2856-CMC-GCK.

The standard for determining whether a petition is successive appears in <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-89 (2000), which held that to qualify as "successive" petition, the prior petition must have been adjudicated on the merits. <u>See</u> <u>also</u> <u>Griffin v. Padula</u>, 518 F. Supp. 2d 680 (D.S.C. 2007) (stating that a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits). Since summary judgment was entered for the respondent in Civil Action No. 9:05-2856-CMC-GCK, the Petition in the instant case is successive.

There is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. <u>See</u> Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254



petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave from the United States Court of Appeals for the Fourth Circuit.

## RECOMMENDATION

Accordingly, the court recommends that the § 2254 petition be dismissed without prejudice and without requiring the respondent to file an answer or return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. It is also recommended that the petitioner's motion for evidentiary hearing (ECF No. 3) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).